IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02193-CMA-MEH
(Consolidated with Civil Action No. 21-cv-00409-RBJ)

SWIFT DISTRIBUTION, LLC, *d/b/a* Ultimate Support Systems,

   Plaintiff,

v.

RELIANCE INTERNATIONAL CORP.,

   Defendant.

Civil Action No. 21-cv-00409-RBJ

RELIANCE INTERNATIONAL CORP.,

   Plaintiff,

v.

SWIFT DISTRIBUTION LLC, *d/b/a* Ultimate Support, *a/k/a* Ultimate Support Services,

   Defendant.

## ORDER ACCEPTING AMENDED COMPLAINT FOR FILING AND DENYING REQUEST FOR ATTORNEYS' FEES

This matter is before the Court on Plaintiff Swift Distribution, LLC d/b/a Ultimate Support Systems' Notice of Filing of First Amended Complaint and Request for an Award of Attorney Fees Pursuant to CMA Civ. Practice Standard 7.1D ("Notice"). (Doc. # 62.)

In the Notice, Plaintiff states that Defendant failed to confer prior to filing its Motion to Dismiss (Doc. # 56) in violation of CMA Civ. Practice Standard 7.1D, which warns that "failure to comply with this Practice Standard may subject [counsel] to an award of attorney fees and costs assessed personally against them." Plaintiff requests that the Court award it attorneys' fees for more than 10 hours of work incurred in response to Defendant's Motion to Dismiss. However, Plaintiff could have moved to strike the Motion to Dismiss when it realized the Motion was filed without conferral, as evidenced by the lack of a certificate of conferral. Therefore, Plaintiff's request for attorneys' fees is denied.

Upon review of the Notice (Doc. # 62) and the case file, it is ORDERED as follows:

- Plaintiff Swift Distribution, LLC d/b/a Ultimate Support Systems' First Amended Complaint and Jury Demand (attached to its Notice as Doc. # 62-2) is accepted for filing and shall be filed by the Clerk's Office as a separate document;
- Defendant's Motion to Dismiss the Second Claim for Relief of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 56) is DENIED AS MOOT. "It is well-established that an amended complaint supersedes the original complaint and renders the original complaint of no legal effect[,]" and therefore moots any motion to dismiss aimed at an inoperable pleading. *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1323–24 (D. Colo. 2019) (internal quotations omitted) ("Because the original complaint has been superseded and nullified, there is no

longer a live dispute about the propriety or merit of the claims asserted therein");
and

- to the extent Plaintiff requests an award of attorneys' fees in its Notice, such request is DENIED.

DATED: May 5, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge